# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF PUERTO RICO

JOSE GUILLERMO PLUMEY CRUZ, et al,
Plaintiffs,

v.

THERMO KING DE PUERTO RICO, et al
Defendants.

Civil No. 98-1702 (HL)

## OPINION AND ORDER

Before the Court are motions by Defendants Thermo King de Puerto Rico and CBS Corporation to dismiss for lack of jurisdiction. Westinghouse Electric Corporation and Westinghouse de Puerto Rico are also named as defendants. Plaintiffs are José Guillermo Plumey Cruz ("Plumey"), his wife Nohra Soto Vahos, and their conjugal partnership. They are appearing *pro se*. Plaintiffs claim that Thermo King, CBS, and the Westinghouse corporations are all part of the same business entity. For purposes of the matters addressed in this opinion, the Court will assume that to be the case. Plumey is a former employee of Thermo King and Westinghouse de Puerto Rico. He was terminated in 1996. Plaintiffs claim that he was terminated because of his age, race, and national origin. They seek damages pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA")[1] and Title VII of the Civil Rights Act of 1964.[2] They also seek damages under Puerto Rico Law

---

[1] 29 U.S.C.A. §§ 621 - 634 (West 1999 & Supp. 1999).

[2] 42 U.S.C.A. § 2000e-2(a)(1) (West 1994).



AO 72A
(Rev.8/82)

Civil No. 98-1702 (HL)                    2

80[3], Law 100,[4] and Article 1802 of the Puerto Rico Civil Code.[5]  Plaintiffs also bring a

claim under the Employee Retirement Income Security Act ("ERISA").[6]

At the outset, the Court must determine what standard of review it should use in

resolving the controversy before it.  A court must liberally construe *pro se* complaints.

*Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997); *Rockwell v. Cape Cod Hosp.*, 26

F.3d 254, 255 (1st Cir. 1994).  At the same time, however, a party's *pro se* status does not

exempt him from complying with procedural rules or substantive laws.  *Ahmed*, 118 F.3d

at 890; *Lattimore v. Polaroid Corp.*, 99 F.3d 456, 464 (1st Cir. 1996).  In their motions,

Defendants argue that Plumey did not timely file his administrative claim with the EEOC

and that therefore this Court lacks subject matter jurisdiction.  A motion to dismiss for lack

of jurisdiction is brought pursuant to Federal Rule 12(b)(1).  However, the question of

whether an employment discrimination plaintiff is precluded from bringing suit in federal

court because of an untimely administrative claim is not a jurisdictional issue.  *Zipes v.*

*Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234

(1982).  Thus, Defendants' motions should have been premised upon Rule 12(b)(6).

*Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 n.2 (9th Cir. 1995); *Espinoza*

---

[3] 29 L.P.R.A. §§ 185a - 185m (1995 & Supp. 1999).

[4] 29 L.P.R.A. §§ 146- 151 (1995 & Supp. 1999).

[5] P.R. Laws Ann. tit. 31, § 5141 (1991).

[6] 29 U.S.C.A. § 1140 (West 1999).

Civil No. 98-1702 (HL)                    3

*v. Missouri Pacific R. Co.*, 754 F.2d 1247, 1248 n.1 (5th Cir. 1985).

This leads to a second procedural wrinkle. In their motions on this issue, both sides have submitted documentary evidence. If, pursuant to a 12(b)(6) motion, the parties submit matters outside the pleadings and the court considers them, the motion should be converted to one for summary judgment. Fed. R. Civ. P. 12(b); *Collier v. City of Chicopee*, 158 F.3d 601, 602-03 (1st Cir. 1998). The court does not have to give the parties an explicit notice of this conversion. *Collier*, 158 F.3d at 603. The conversion is proper if the circumstances have effectively placed the parties on notice that the court may treat the motion as one for summary judgment and if the parties have were given a reasonable opportunity to adduce pertinent materials. *C.B. Trucking, Inc. v. Waste Management, Inc.*, 137 F.3d 41, 43 (1st Cir. 1998).

The circumstances of the present case warrant such a conversion. In their opposition to Thermo King's motion to dismiss, Plaintiffs presented documentary evidence. *See* docket no. 14. Additionally, the Court ordered Plaintiffs to show cause why the ADEA and Title VII claims should not be dismissed on the grounds that Plumey's administrative claims were untimely. In the order, the Court stated that Plaintiffs should submit proof of the dates that the administrative claims were filed. *See* docket no. 15. Plaintiffs responded with a motion arguing that they should be entitled to an equitable tolling of the limitations period for filing the administrative claim. They submitted documentary evidence to support this argument. *See* docket no. 16. Plaintiffs have had a

Civil No. 98-1702 (HL)                          4

reasonable opportunity to present evidence and they have availed themselves of this

opportunity.  Conversion of the motion to one for summary judgment is therefore proper.

Accordingly, the Court reviews the record in the light most favorable to Plaintiffs and

draws all reasonable inferences in their favor.  *See LeBlanc v. Great American Ins. Co.*, 6

F.3d 836, 841 (1st Cir. 1993).

Plumey began working for Thermo King as a human resources manager in 1974.  In

1984 he was promoted to the director of human resources for Westinghouse de Puerto

Rico.  This company went through a downsizing and plant closing in 1995, and Plumey

managed this transition.  In January 1996, Plumey fell victim to this same movement

within the company.  He was terminated, effective January 31, 1996.[7]  At the time, he was

fifty-one years old.  Plaintiffs claim that he was cashiered because of his age, race, and

national origin.

On January 27, 1997, Plumey filed an administrative claim for discrimination with

the Anti-Discrimination Unit ("ADU") of the Puerto Rico Department of Labor.  In the

claim he states that the last act of discrimination against him took place on January 31,

1996, and that he was terminated because of his age and national origin.[8]  It is this lapse of

361 days from the date of his termination to the date of his filing with the ADU that

imperils Plaintiffs' ADEA and Title VII causes of action.  Defendants claim that because

---

[7] Docket no. 1, at 3-5.

[8] Docket no. 16, exhibit A.

Civil No. 98-1702 (HL)                    5

Plumey filed the ADU claim more than 300 days after he was cashiered, he his precluded

from seeking redress under the federal anti-discrimination laws.  Plaintiffs counter with

two arguments to support the application of equitable tolling.  One, that Plumey waited

before filing his claim because Defendants lead him to believe that he might be rehired at

another position within the companies, and he thought that an understanding between

the parties would be reached.  In support of this argument, Plaintiffs have submitted a letter

to Plumey from Gary Clark, president of Westinghouse's industries and technology group.

In the letter Clark acknowledged that Plumey plans "to continue discussions with people at

Thermo King."  Clark further stated that he supported this plan and suggested that Plumey

work with Fred Grigsby, Thermo King's vice president of human resources, as a focal

point for these discussions.[9]  Plaintiffs have also adduced a letter to Plumey's wife from

Anthony Greco, vice president of Westinghouse's executive resources.  Greco stated that

he had spoken with Grigsby; that Grigsby had told him that he was actively involved in the

situation; and that Grigsby was the appropriate person for Plumey to contact.[10]  In their

motion, Plaintiffs claim that Plumey initiated the search for a new position on his own, but

that the search was approved by Grigsby.  They also claim that Grigsby told Plumey of a

---

[9] Docket no. 16, exhibit D.

[10] Docket no. 16, exhibit F.

Civil No. 98-1702 (HL)                            6

possible position in Nebraska and that Clark told him he would take care of the problem.[11]

Plaintiffs' second argument for equitable tolling is based on their claim that

Defendants had originally told Plumey that his position was being vacated. Plaintiffs claim

that they later learned that Defendants had assigned the essential functions of his position

to a younger employee. Plaintiffs argue that the limitations period should be tolled until

September 1996, when they discovered that this younger employee was doing Plumey's

job.

## DISCUSSION

Plaintiffs are bringing claims under ADEA and Title VII. Both of these statutes

require a plaintiff to first bring a timely administrative claim before filing in federal court.

*See* 29 U.S.C.A. § 626(d) (West 1999); 42 U.S.C.A. § 2000e-5(e)(1) (West 1994). In a

deferral jurisdiction, the plaintiff must file an administrative claim with the EEOC within

300 days of the alleged unlawful employment action. *Thomas v. Eastman Kodak Co.*, 183

F.3d 38, 47 (1st Cir. 1999); *American Airlines, Inc. v. Cardoza-Rodriguez*, 133 F.3d 111,

122 (1st Cir. 1998). Puerto Rico is a deferral jurisdiction. *Bonilla v. Muebles J.J. Alvarez,

Inc.*, 194 F.3d 275, 278 n.4 (1st Cir. 1999); *Cardoza-Rodriguez*, 133 F.3d at 122. And

filing a claim with Puerto Rico's ADU is deemed to be a filing with the EEOC. *Bonilla*,

194 F.3d at 278 n.4; *Cardona v. Aramark Services of Puerto Rico, Inc.*, 9 F.Supp.2d 92, 98

---

[11] Docket no. 16, at 2-3, 6, 8.

Civil No. 98-1702 (HL)                    7

n.20 (D.P.R. 1998); *Silva v. Universidad de Puerto Rico*, 849 F.Supp. 829, 831-32 (D.P.R. 1994).

Thus, Plumey had to have filed his claim within 300 days of the alleged discrimination against him. The general rule is that an employer's action starts the running of the limitations period for filing an administrative claim if that action has negative, concrete consequences for the plaintiff and if the plaintiff is aware or should have been aware of the consequences. *Thomas*, 183 F.3d at 49; *Morris v. Gov't Dev. Bank of Puerto Rico*, 27 F.3d 746, 750 (1st Cir. 1994). Once the employer's decision has been made and communicated to the employee, the limitations period begins. *Morris*, 27 F.3d at 750; *Rivera-Muriente v. Agosto-Alicea*, 959 F.2d 349, 353 (1st Cir. 1992). The countdown commences when the employee receives notice of the decision, even though he may not know all of the facts that support his claim. *Cardoza-Rodriguez*, 133 F.3d at 123 (quoting *Morris*, 27 F.3d at 750).

In the present case, Plaintiffs claim that Plumey was informed in January 1996 that he would be cashiered and that he was terminated at the end of that month. Thus, he had received notice of the adverse employment action by at least January 31, 1996. This date is more than 300 days before January 27, 1997, the date he filed his claim with the ADU. His claim therefore appears to be time-barred.

The limitation period for filing an administrative claim is subject to equitable tolling. Equitable tolling should be applied narrowly. *Bonilla*, 194 F.3d at 278; *Chico-*

Civil No. 98-1702 (HL)                          8

*Velez v. Roche Products, Inc.*, 139 F.3d 56, 58-59 (1st Cir. 1998); *Jensen v. Frank*, 912

F.2d 517, 521 (1st Cir. 1990); *Diaz v. Antilles Conversion & Export, Inc.*, 62 F.Supp.2d

463, 468 (D.P.R. 1999). Generally, equitable tolling will not be appropriate unless the

employee missed the filing deadline due to circumstances beyond his control. *Bonilla*, 194

F.3d at 279. Courts should be less forgiving when a claimant failed to exercise due

diligence to preserve his rights. *Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 96, 111

S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). The fact that a plaintiff may not know every

detail of the alleged discrimination will not excuse him from sleeping upon his rights.

Relevant facts will often come to light after the termination, and one of the purposes of the

administrative claim and complaint is to start the process that will eventually discover

these facts. *Jensen*, 912 F.2d at 521-22. The First Circuit allows equitable tolling only

when the employer actively misled the employee. *See Thomas*, 183 F.3d at 53; *Morris*, 27

F.3d at 750. The burden for demonstrating that the doctrine should be applied is on the

party seeking it. *Rivera-Gomez v. de Castro*, 900 F.2d 1, 3 (1st Cir. 1990); *Diaz*, 62

F.Supp.2d at 467-68; *Hernandez Arce v. Bacardi Corp.*, 37 F.Supp.2d 112, 114 (D.P.R.

1999).

　　　　In the case before the Court, Plaintiffs make two arguments to justify equitable

tolling. One of these arguments is that Plumey waited before filing his claim because

Defendants lead him to believe that he might be able to get another job within the

companies, and he thought that an understanding would be reached. The attempts by a

Civil No. 98-1702 (HL)                            9

defendant to settle the plaintiff's case informally prior to the initiation of litigation will not

justify equitable tolling. *Mercado-Garcia v. Ponce Federal Bank*, 979 F.2d 890, 895-96

(1st Cir. 1992). Plaintiffs cite to cases which have held that the limitations period is tolled

while the employer is actively looking for a new position in the company for the employee.

*See Cocke v. Merrill Lynch & Co.*, 817 F.2d 1559, 1561 (11th Cir. 1987); *McConnell v.*

*Gen. Tel. Co. of Ca.*, 814 F.2d 1311, 1317 (9th Cir. 1987). For such conduct to justify

equitable tolling, however, the employer must have actively tried to mislead the plaintiff

into believing that another job was a real possibility. *See Mack v. Great Atlantic and*

*Pacific Tea Co.*, 871 F.2d 179, 185 n.5 (1st Cir. 1989).

In the present case, Plaintiffs adduce as evidence in support of this argument two

letters that they received from Defendants. The letter from Gary Clark acknowledged

Plumey's plans to continue looking for a position at Thermo King and suggested that he

use Fred Grigsby as his contact for this search. The letter from Anthony Greco stated that

Grigsby had said he was involved in the situation, that Grigsby had spoken to Plumey

about it, and that Grigsby was the proper person for Plumey to contact. Both letters

encourage Plumey to continue looking for a position. Neither letter, however, constitutes

evidence that Defendants were actively looking for work for Plumey, were trying to

mislead Plumey as to the availability of jobs, or were dangling in front of him the

possibility of a new position as a means to lull him into inaction on a discrimination claim.

In their briefs, Plaintiffs claim that Grigsby and Clark supported and approved of Plumey's

Civil No. 98-1702 (HL)                    10

job search. Although Defendants may have supported or encouraged Plumey, there is no

evidence that they used job offers as a plot to mislead or deceive him. In fact, Plaintiffs

admit that it was Plumey, not Defendants, who initiated this job search.[12] Thus, the

evidence of these two letters is insufficient to justify equitable tolling.

Plaintiffs' second argument to support equitable tolling is that Defendants deceived

Plumey when they told him his position had been vacated, when in fact a younger

employee was performing the essential positions of his job. Plaintiffs claim that it was not

until September 1996 that they discovered that this younger employee had taken over

Plumey's duties. The Court first notes that because Plaintiffs make no mention of this

younger employee's race or nationality, this argument cannot justify tolling Plumey's

claims for race or national origin discrimination. Thus, Plaintiffs' second argument for

equitable tolling may only be considered with regard to the age discrimination claim.

In requesting equitable tolling under this second argument, Plaintiffs have the

burden of showing that Defendants' alleged misrepresentations regarding Plumey's

position were so deceptive that they caused him to miss the filing deadline. *See Rivera-*

*Gomez*, 900 F.2d at 3. Plaintiffs provide few details and no evidence on Defendants'

alleged deception. They allege only that Defendants told Plumey that his position was

being vacated when in fact a younger employee had been assigned the essential functions

of his job as director of human resources. Without any context or background, the Court is

---

[12] Docket no. 16, at 2, 8.

Civil No. 98-1702 (HL)                              11

unable to determine how Plumey first learned of this younger employee, whether Plumey

could have discovered these facts earlier, and thus whether Plumey failed to exercise due

diligence in preserving his rights.  In the face of this sparse allegation unsupported by

evidence, the Court cannot conclude that Defendants actively misled Plumey and that

Plumey missed the filing deadline due to circumstances beyond his control.  Thus,

Plaintiffs have failed to meet their burden of establishing that equitable tolling is

appropriate in this case.

Moreover, under the First Circuit's narrow application of the equitable tolling

doctrine, a plaintiff does not need to know every detail to support his claim of

discrimination.  *Morris*, 27 F.3d at 750 ("[T]he plaintiff need not know all the facts that

support his claim in order for countdown to commence."); *Jensen*, 912 F.2d at 521 ("Not

knowing every detail of a suspected plot cannot excuse a discharged employee for sleeping

upon his rights.").  Tolling is not appropriate merely because the plaintiff knew of the harm

but did not know of its discriminatory basis.  *Thomas*, 183 F.3d at 53.  Plumey knew by

January 31, 1996 – the date of his termination – that he had suffered a harm.  A timely

administrative claim would have initiated the adversarial proceeding which is intended in

part to uncover the facts surrounding his claim.  *See Jensen*, 912 F.2d at 521-22.  He failed

to avail himself of this procedure in a timely fashion.  In so doing, he ran the risk of

allowing any rights he might have for a federal law discrimination claim to expire.

Unfortunately for him, that has happened here.  Accordingly, the Court denies Plaintiffs'

Civil No. 98-1702 (HL)                    12

request that they be afforded the benefit of equitable tolling.[13]

Because the record indicates that Plumey's claim before the Puerto Rico ADU was filed more than 300 days after he suffered his injury, his claims under the ADEA and Title VII are time-barred and must be dismissed. His Puerto Rico law claims for age, race, and national origin discrimination, as well as his wife's Article 1802 claims, are dismissed without prejudice. *See Figueroa Ruiz v. Alegria*, 896 F.2d 645, 650 (1st Cir. 1990). In their complaint, Plaintiffs also mention ERISA. The exact contours of this claim are unclear from the complaint. Because this is a *pro se* complaint and because neither party addressed this claim in their briefs, it shall remain. Defendants shall answer or otherwise plead as to this claim by **April 21, 2000.**

WHEREFORE, the Court hereby grants Defendants' motions to dismiss (docket nos. 13 and 19). Plaintiffs' claims under ADEA and Title VII are dismissed with prejudice. Their Puerto Rico law claims for age, race, and national origin discrimination and their claims under Article 1802 are dismissed without prejudice. There remains only Plumey's claim under ERISA. Partial judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 31, 2000.

HECTOR M. LAFFITTE
Chief U.S. District Judge

---

[13] Plumey worked for Defendants for twenty years as a human resources manager. Thus, he should have been well conversant in discrimination claims, and he cannot claim that he was unaware of their filing requirements. *See Mercado-Garcia*, 979 F.2d at 896.