IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE PLUMEY-CRUZ, et al

**Plaintiff(s)**

CIVIL NO. 98-1702(JAG)

v.

WESTINGHOUSE ELECTRIC
CORPORATION/CBS CORPORATION;
THERMO KING DE PUERTO RICO

**Defendant(s)**

---

**OPINION AND ORDER**

GARCIA GREGORY, D.J.

    Plaintiffs Jose G. Plumey-Cruz ("Plumey-Cruz"), his wife Nohra Soto-Vahos, and the conjugal partnership formed between them, brought suit against defendants Westinghouse Electric Corporation, Westinghouse de Puerto Rico, Inc., Thermo King de P.R., Thermo King Corporation and CBS Corporation. On March 31, 2000, the Court entered partial judgment dismissing plaintiffs' claims under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act, as well as a state-based claim under Puerto Rico Civil Code Article 1802. (Docket No. 26). Pursuant to that order, the only claim remaining was Plumey-Cruz's claim under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.. (Id.)




Civil No. (JAG)                                                                                              2

On October 15, 2001, defendants filed a motion for summary judgment, alleging that plaintiffs' ERISA claim should be dismissed as a matter of law. Plaintiffs filed an opposition on October 23, 2001. Upon review of the record, the Court grants defendants' motion and dismisses Plumey-Cruz's ERISA claim.

## BACKGROUND

The Court will not restate the factual background in the case, which has been already detailed in its March 31, 2000 Opinion and Order. See Docket No. 26. As noted earlier, the only issue left before the Court is whether Plumey-Cruz, who worked as an employee of defendants until January 31, 1996, participated in a "top hat plan" for highly compensated Westinghouse employees, and whether the provision of higher benefits to mainland-based Westinghouse employees (as compared to their Puerto Rico counterparts) constituted a violation of ERISA. Plumey-Cruz participated in several employee benefit plans maintained by his employer's parent company, Westinghouse Electric Corporation.[1] (Docket No. 61, Statement of Uncontested Material Facts at ¶ 2.) He did not, however, participate in a "top hat plan" or any other employee benefit plan designated for highly-paid Westinghouse employees.

---

[1]Because plaintiffs have not submitted a Statement of Contested Material Facts that complies with Local Rule 311.12, the Court has only taken into account those facts provided by defendants in their Statement of Uncontested Material Facts. As noted infra at 5, even if the Court were to take into account the plaintiffs' statement, the ERISA claim would be dismissed.

Civil No. (JAG) 3

(Id. at ¶ 3.) No employee benefits are due to Plumey-Cruz pursuant to the terms and conditions of the plans in which he participated. (Id. at ¶ 4).

## DISCUSSION

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). See also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must demonstrate "an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

Local Rule 311.12 requires the moving party to file and annex to the motion a "separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried," *properly supported by specific references to the record*. Similarly, the rule requires the non-moving party to file a statement of contested material facts. All material facts set forth in the moving party's statement *"will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."* (Emphasis supplied.) The First Circuit has consistently upheld the validity of Local Rule

Civil No. (JAG)                                                                                      4

311.12.  See, e.g., Morales v. Orssleff's Eftf, 246 F.3d 32, 33 (1st Cir. 2001); Rivas v. Federacion de Asociaciones Pecuarias, 929 F.2d 814, 816 n.2 (1st Cir. 1991).

Plaintiffs have failed to provide a Statement of Contested Material Facts with specific references to the record.  Instead, they have presented the Court with a 34-paragraph statement with no references to the record.  See Docket No. 63 at 2-9.  As a result, plaintiffs have failed to comply with the so-called "anti-ferret rule," as they have not presented a concise statement of material facts as to which there is a genuine issue to be tried.  The Court is not required to "ferret through the record" lurking for facts that may favor plaintiffs when those facts were not proffered under a counterdesignation of facts as required by Local Rule 311.12.  See, e.g., Morales, 246 F.3d at 33.  "When a party opposing a motion for summary judgment fails to comply with the 'anti-ferret rule,' the statement of material facts filed by the party seeking summary judgment [shall be] deemed ... admitted."  Mendez-Marrero v. Toledo, 968 F. Supp. 27, 34 (D.P.R. 1997); Tavarez v. Champion Prods., Inc., 903 F. Supp. 268, 270 (D.P.R. 1995).

The nonmovants' failure to provide a statement of contested material facts that complies with Rule 311.12 does not automatically warrant the granting of summary judgment, but "it launches [their] case down the road towards an easy dismissal."  Mendez-Marrero, 968 F. Supp. at 34.  A violation of Rule 311.12

Civil No. (JAG) 5

requires that all material facts in defendants's statement of uncontested material facts be deemed admitted, and the Court need only examine whether, given the uncontested facts, defendants are entitled to judgment as a matter of law.

Here, even if the Court were to accept the Statement of Contested Material Facts, the same result would obtain, because plaintiffs's statement does not proffer evidence sufficient to raise a genuine issue of material fact over the only putative claim remaining in this case -- Plumey-Cruz's would-be ERISA claim. The plaintiffs' opposition and supporting documents show that Plumey-Cruz did not participate in a "top hat plan" during his tenure at Westinghouse. Indeed, Plumey-Cruz's opposition contains no developed argumentation designed to rebut defendants' contention that his ERISa claim cannot survive summary judgment. As a result, his ERISA claim must be dismissed.

The thrust of Plumey-Cruz's argument is that Westinghouse discriminated against him, and other Puerto Rico employees, by adopting a "plan or policy" of awarding benefits and compensation to highly-paid executives in the mainland and excluding their Puerto Rican counterparts. But those allegations of disparate treatment cannot serve as the basis of an ERISA claim, see Pegram v. Herdrich, 530 U.S. 211, 226-27 (2000), and plaintiffs do not

Civil No. (JAG) 6

offer any reason why the Court should consider them as such.[2] Accordingly, his ERISA claim must be dismissed.

### CONCLUSION

For the foregoing reasons, the Court grants defendants' motion for summary judgment and dismisses plaintiffs' ERISA claim with prejudice. Since all remaining claims in the Complaint have been dismissed, the Court will dismiss the Complaint in its entirety. Judgment will enter accordingly.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 30th day of November 2001.

JAY A. GARCIA-GREGORY
United States District Judge

---

[2] While the allegations could be construed as raising a Title VII claim, Plumey-Cruz is barred from asserting them, since his claims on that score have already been dismissed with prejudice.

AO 72A
(Rev.8/82)